# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 1:19-cr-00100-DRL-SLC |
| ) | |
| ) | |
| BRIAN NORDAN ) | |

## ORDER

On December 22, 2020, Magistrate Judge Paul Cherry revoked Defendant's pretrial release after a hearing, finding that there is a serious risk that Defendant will not appear at future court appearances and will endanger the safety of another person or the community. (ECF 124). In doing so, Judge Cherry listed the following reasons: (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence against Defendant, (3) ongoing mental health issues; (4) history of substance abuse; (5) criminal activity while subject to court supervision, and (6) multiple violations of conditions of pretrial release in this case. (*Id*. at 2). Now before the Court is Defendant's Motion to Modify Conditions of Detention filed on January 12, 2021, requesting that he be released to Inspiration House, Inc., for inpatient treatment of his mental health and substance abuse issues. (ECF 126).

The Government filed a response in opposition to the motion, arguing that: (1) an available inpatient treatment bed is not new, material information to warrant reopening the detention hearing; (2) Defendant has already been given three chances to show that he could abide by conditions of release—including home detention with substance abuse therapy three times a week and a mental health profession visit once a week—all which have been unsuccessful; and (3) the pretrial services officer continues to recommend pretrial detention.

(ECF 128). Defendant filed a reply brief, attaching a letter from Denise Briggs, Ph.D., Defendant's treating psychologist, stating that Defendant "would be better served in a treatment program where he can get ongoing therapy" and that he "benefitted from treatment . . . during his inpatient program . . . several years ago." (ECF 129-1). The motion is now ripe for adjudication.

## A. Applicable Legal Standard

A district court may reopen a detention hearing any time prior to trial if it finds "information exists that was not known to the [defendant] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance as required or the safety of the community. 18 U.S.C. § 3142(f); *see United States v. Hendon*, No. 08-CR-172, 2009 WL 2912906, at *2 (E.D. Wis. Sept. 10, 2009). "Although the district court has the authority to conduct a new hearing, it is not required." *United States v. Hester*, No. 08 CR 848, 2011 WL 124212, at *2 (N.D. Ill. Jan. 14, 2011). Specifically, if the defendant fails to meet the threshold requirement of showing new or material information as required by § 3142(f), the court need not reopen the detention hearing. *United States v. Bernal*, No. 2:10-CR-109, 2010 WL 3039528, at *4 (N.D. Ind. July 30, 2010).

## B. Analysis

Here, there is no dispute that inpatient treatment programs such as Inspiration House, Inc., were in existence at the time of Defendant's detention hearing on December 22, 2020. The Court, the pretrial services officer, the Government, and presumably Defendant's counsel were all well aware at the time of the hearing that such inpatient programs are sometimes used in tandem with other conditions of pretrial release. As such, Defendant's assertion now that an

2

inpatient bed is available at Inspiration House is not new information that has a material bearing on the Court's decision.

At the detention hearing, the Court concluded that "no condition, or combination of conditions" could be placed upon Defendant that would reasonably assure his appearance at future hearings or the safety of the community. (ECF 124 at 2). The Court considered that Defendant had already been offered three chances on pretrial release—most recently with home detention and substance abuse therapy three times a week and a mental health profession visit once a week. Despite this "intensive outpatient rehabilitation therapy," as Defendant's counsel described it at the detention hearing, Defendant still violated his conditions of release for a third time—this time by traveling to a casino. (ECF 123). Defendant violated his conditions of release on prior occasions by submitting eight diluted urine screens, and by being arrested for operating a vehicle while intoxicated, with a blood alcohol content of more than twice the legal limit. (ECF 128 at 2). Given these other factors, the existence of an inpatient treatment facility is not material to the Court's detention analysis.

Nor is the letter from Dr. Briggs, Defendant's treating psychologist, dated January 19, 2021, material information that has bearing on whether there are conditions of release that will reasonably assure Defendant's appearance at future court proceedings or the safety of the community. Dr. Briggs—who had been treating Defendant throughout his pretrial release period—writes merely that Defendant "benefitted" from inpatient treatment several years ago. (ECF 129-1). This offers no assurance to the Court that an inpatient treatment stay would cause Defendant's appearance at future court proceedings and the safety of the community. As documented in the Order of Detention, there are multiple other reasons for detaining Defendant

3

pending trial: (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence against Defendant, (3) criminal activity while subject to court supervision, and (4) multiple violations of conditions of pretrial release in this case. (ECF 124 at 2). The Court has also considered that, per the Government's report, the pretrial services officer continues to recommend that Defendant be detained. (ECF 128 at 3-4).

In a nutshell, the existence of an inpatient treatment program bed and Dr. Briggs's letter dated January 19, 2021, are not new and material information necessitating the reopening of the detention hearing under 18 U.S.C. § 3142(f). Consequently, Defendant's Motion to Modify Conditions of Detention (ECF 126) is DENIED. Of course, Defendant is free to appeal his order of detention to the District Judge pursuant to 18 U.S.C. 3145(b).

SO ORDERED.

Entered this 28th day of January 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge